[Cite as *State v. Nagy*, 2018-Ohio-1513.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105935**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JUDITH O. NAGY**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-614893-A

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 19, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
By: Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    James D. May
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}**   Appellant Judith Nagy appeals following her conviction on two counts of theft; aggravated theft.   She claims that the trial court imposed a condition involving restitution at sentencing that was not authorized by the plea agreement and, therefore, that her plea should be vacated.   Upon review, we reverse only with respect to the order of restitution to Lakatos, remand the matter to the trial court with instructions to modify the restitution order, and affirm in all other respects.

**{¶2}** Appellant was charged under a 16-count indictment.   She ultimately entered a plea of guilty to Count 1 as amended for theft; aggravated theft, in violation of R.C. 2913.02(A)(2), a felony of the third degree; and Count 2 as charged for theft; aggravated theft, in violation of R.C. 2913.02(A)(1), a felony of the third degree.   The remaining counts were nolled.   The trial court imposed a prison sentence of 36 months on each count, consecutive, for a total of 72 months, imposed a fine in the sum of $20,000, and ordered appellant to pay restitution "IN THE AMOUNT OF $5,000.00 TO RMS AQUACULTURE; * * * [and] IN THE AMOUNT OF $15,000.00 TO LAKATOS."

**{¶3}** Appellant timely filed this appeal, claiming the trial court imposed a condition at sentencing that was not authorized by the plea agreement and, therefore, that the plea agreement was rendered worthless and her plea should be vacated.   Specifically, she states that after agreeing to restitution in the amount of $8,000 to Lakatos, the trial court ordered restitution to Lakatos in the amount of $15,000.

**{¶4}** R.C. 2929.18(A)(1) governs restitution and provides, in relevant part, that financial sanctions may include the following:

Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, * * * and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶5} The transcript of the plea hearing reflects that as part of the plea agreement, appellant agreed to pay restitution of $5,000 to RMS Aquaculture and $8,000 to Barnabas Lakatos. Appellant confirmed she entered that agreement. The trial court's journal entry from the plea hearing reflected restitution to Lakatos in the amount of $8,000.

{¶6} Further discussions were had at the sentencing hearing. The transcript from the sentencing hearing reflects that Lakatos loaned $15,000 to appellant. Of that amount, appellant had paid back at least $7,000 prior to the time of the sentencing hearing. The transcript further indicates that appellant, through counsel, had provided an additional check of $1,000 toward restitution to the state at the sentencing hearing, and it was represented that another $2,000 check had been sent directly to Lakatos but had to be verified. The following discussion was had regarding restitution to Lakatos:

THE COURT: Okay. The Lakatoses is $15,000 total, of which counselor has already stated anywhere from $7,000 to $10,000 has already been paid. He has to verify $2,000. He gave you a thousand dollar check.

MR. MAY: I would assure the Court they have paid [me] $7,000.

THE COURT: But you've got to get that today.

MR. MALONEY: That is an additional one.

MR. MAY: Yeah. It's probably $8,000 as of today.

THE COURT: Okay.

(Tr. 70.)

{¶7} The record reflects that Lakatos suffered an economic loss in the amount of $15,000 as a result of appellant's commission of the offense. Appellant made payments to Lakatos and, as part of her plea, agreed to restitution in the amount of $8,000. At the time of the sentencing hearing, appellant provided an additional $1,000 check toward the restitution ordered to Lakatos, reducing the amount owed to $7,000. The amount owed was not disputed.

{¶8} Although the trial court imposed restitution for the full amount of $15,000, this was not consistent with the agreed amount and failed to account for payments that had been made to Lakatos. We understand the trial court was trying to make the victim whole, but the terms of the agreement control. Therefore, the trial court erred with regard to the order of restitution for the amount owed to Lakatos.

{¶9} Appellant has cited no authority to justify vacating the plea under these circumstances.[1] We remand with instructions for the trial court to modify the restitution order to reflect the amount of restitution to Lakatos in the amount of $7,000, which may be credited with any payments that have been made or verified subsequent to the sentencing hearing.

{¶10} Accordingly, the judgment is reversed in part, only with respect to the order of restitution to Lakatos, and affirmed in all other respects. The matter is remanded with instructions to modify the restitution order.

{¶11} Judgment affirmed in part and reversed in part; cause remanded.

It is ordered that appellant and appellee share the costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for modification of the restitution order and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR

---

[1] *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), is distinguishable.